No. 31,629

R. W. FRISBY, *Appellee*, v. ANNA HLADKY, *Appellant*.

(31 P. 2d 1001.)

Opinion filed May 5, 1934.

*Dennis Madden*, of Topeka, for the appellant.

*Floyd W. Hobbs*, of Holton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by plaintiff, who is a physician and pharmacist in Delia, against Charles Hladky and Anna Hladky, his wife, for professional services and medicine supplied by plaintiff at defendants' instance and request.

It appears that for many years plaintiff charged the account of Charles Hladky for such services and supplies as he rendered to defendants and members of their family. But in 1926 plaintiff was informed that Charles had transferred all his property to his wife, whereupon plaintiff notified her that thereafter all items of account would be charged to her as well as to her husband. Plaintiff testified:

"In 1926 I had some very reliable information that everything had been transferred to his wife, . . . I cannot give the exact date . . . when she was in my office she would say charge it to the account, and I would say, we will charge this for you and the children to both of you. . . . I told her this in the year 1926 when I made the change. I know I had mentioned the fact that to make it clear I was making those entries under both names. I made it clear to both of them when they had matters charged. . . . My services were for the whole family, whoever needed it."

Defendant Anna Hladky made a verified denial of plaintiff's account and, as a witness in her own behalf, she testified:

"[Plaintiff] never told me that he charged the account to me or to both me and my husband; never had any statement of the account been sent to me; . . . I paid him in cash for all that I got personally."

Her husband also testified that plaintiff had never stated that he would charge the account to him and his wife.

This dispute of fact was settled by the jury in favor of plaintiff and judgment was rendered accordingly.

Defendant Anna Hladky appeals, complaining first of the overruling of defendants' demurrer to plaintiff's evidence; but the testimony, briefly quoted above, demonstrates that the ruling was correct, and that the issue was one of fact for the jury to decide. Counsel for appellant cites cases holding that in the absence of an express contract a wife is not liable for necessaries—which might include doctor's services and medicines; but when plaintiff informed her in 1926 that thereafter all items of account would be charged to her as well as her husband and she continued to accept his services and medicines for herself or members of her family, such a course of conduct on her part was equivalent to her express assent to such arrangement. (Restatement, Contracts, §§ 21, 71, 72. See, also, 55 C. J. 111 et seq.)

Defendant inveighs against the instructions given and refused, but those given fairly covered the issue. The court correctly advised the jury that while the husband was primarily liable for necessaries furnished to his wife and minor children "the wife may herself become liable for such necessaries by contract entered into by herself or through her authorized agent."

Counsel for defendant makes the point that there was no evidence that the indebtedness was contracted for appellant "through an authorized agent." Conceding without sustaining this point, the record shows that the disputed issue of fact was made perfectly clear to the jury, and no prejudice to appellant can be traced to the criticized words of the instruction.

The other objections to the judgment have been carefully considered, but they do not warrant further discussion nor raise the slightest misgiving as to its justice, and it is therefore affirmed.